UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEITH RUSSELL JUDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-0837 (PLF) |
| ) | |
| FEDERAL COMMUNICATIONS COMMISSION ) and FEDERAL ELECTION COMMISSION, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on *pro se* plaintiff Keith Russell Judd's Complaint for a Declaratory Judgment, Injunction, and Damages.[1] The complaint includes a request for a three-judge court. Upon consideration of the complaint, the Court concludes that a three-judge court should not be empaneled and that Counts One, Four, Five, Six and Seven of plaintiff's complaint should be dismissed.

The plaintiff makes seven claims for relief in his complaint.[2] Numerous of these claims are requests for the Court to declare various statutes constitutional and order that they be

---

[1] Plaintiff originally filed the complaint in the United States District Court for the Eastern District of Texas. It was transferred to this Court on May 20, 2010, because venue did not lie in the district in which it was filed. See Dkt. Nos. 24, 27.

[2] This is hardly the first occasion on which plaintiff, who is a prisoner incarcerated in the Federal Correctional Complex in Beaumont, Texas, has sought relief in this or other courts. See, e.g., Judd v. FEC, Civil Action No. 08-1290, 2008 U.S. Dist. LEXIS 57495 at *1-2 n.1 & *4 (D.D.C. July 28, 2008) (dismissing plaintiff's complaint to enjoin state primary elections as frivolous and noting that "the Courts of Appeals for the D.C. Circuit, the Fifth Circuit, the Tenth Circuit, and the Federal Circuit, as well as the United States Supreme Court, have all imposed filing restrictions on plaintiff for his abusive filing history"). Indeed, a search of LexisNexis for plaintiff's name in federal court cases reveals 195 results.

enforced, or to declare various statutes unconstitutional. The first claim requests that the Court declare constitutional a section of the Communications Act of 1934, as amended, 47 U.S.C. § 315(e)(1)(A), and requests enforcement of that statute. The fourth claim requests that the Federal Communications Commission enforce part of the same statute, 47 U.S.C. § 315(a). The fifth claim requests that the Court declare unconstitutional a different part of the Communications Act, 47 U.S.C. § 315(a)(1)-(3). The sixth claim requests that the Court enforce the "fairness doctrine," which, according to plaintiff, requires broadcasters to afford a reasonable opportunity for the discussion of conflicting views on issues of public importance. The seventh claim asks that the Court declare unconstitutional certain provisions of the Federal Election Campaign Act, 2 U.S.C. §§ 431 et seq. Plaintiff seeks more than one million dollars in damages.

In determining whether to request the Chief Judge of the Circuit to convene a three-judge court, a single judge has the authority to decide whether the complaint states a "substantial" constitutional claim. Adams v. Richardson, 871 F. Supp. 43, 45 (D.D.C. 1994) (citing Police Officers' Guild National Union of Police Officers v. Washington, 369 F. Supp. 543, 548-49 (D.D.C. 1973); Silver v. Queen's Hospital, 53 F.R.D. 223, 225 (D. Hawaii 1971)); see 28 U.S.C. § 2284(a). A three-judge court is not required if the constitutional claim is "wholly insubstantial," "frivolous," or "essentially fictitious." Weisbrod v. Lynn, 494 F.2d 1101, 1102 (D.C. Cir. 1974) (citing Bailey v. Patterson, 369 U.S. 31, 33 (1962)). A claim is insubstantial if it is obviously without merit or clearly determined by previous case law. See Adams v. Richardson, 871 F. Supp. at 45 (citing Goosby v. Osser, 409 U.S. 512, 518 (1973); Ex parte Poresky, 290 U.S. 30, 32 (1933); Armour v. Ohio, 925 F.2d 987, 989 (6th Cir. 1991)). "A single judge 'has an obligation to examine the complaint to determine whether it states a substantial

claim' before burdening two other judges by requesting a three judge court to consider an insubstantial or frivolous claim." Adams v. Richardson, 871 F. Supp. at 45; see also Miller v. Daniels, 509 F. Supp. 400, 405 (S.D.N.Y. 1981).

Plaintiff's claims for relief do not merit appointment of a three-judge court. In conclusory fashion, he alleges that sections of the Communications Act and the Federal Election Campaign Act must be enforced and that other sections are unconstitutional. None of his claims allege any facts relating to himself, how the agency defendants have enforced the statutes against him, or failed to enforce the statutes on his behalf, any detail about how he has been affected by the statutes in question, or his theory as to why the statutes are unconstitutional.

Plaintiff has attached to his complaint a letter from the Federal Election Commission ("FEC") explaining the FEC's guidelines for obtaining federal matching funds. See Compl., Ex. 1. In addition, plaintiff has filed a document entitled "Notice of Standing for Constitutional Challenge under Bipartisan Campaign Reform Act, 2 U.S.C. § 437h(a) et seq.," explaining that plaintiff was a Democratic candidate for President of the United States — despite being incarcerated — that he received two percent of the vote in the Idaho 2008 Presidential Primary, and that he is running a campaign for the 2012 Democratic Presidential nomination. See Dkt. No. 29. To the Notice of Standing plaintiff has also attached a letter from the Federal Election Commission stating that he may have failed to file his Year-End Report for 2007. See id., Ex. 1. Even if it were proper to incorporate the content of these documents into plaintiff's complaint, they do not make plaintiff's allegations any less conclusory. They do not identify any injury suffered by plaintiff as a result of the government's enforcement, or failure to enforce, the relevant sections of the Communications Act or the Federal Election Campaign Act, or otherwise

flesh out plaintiff's theory as to the unconstitutionality of the statutes.

The Court concludes that plaintiff has asserted no facts that would support his claims under the Communications Act and the Federal Election Campaign Act, and that these claims therefore are frivolous. There is no basis on which to request or appoint a three-judge court. For the same reasons, the Court *sua sponte* will dismiss these claims as frivolous. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (complaint does not state a claim "if it tenders 'naked assertions[s]' devoid of 'further factual enhancement'") (quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 557 (2007)).

Plaintiff's second and third claims — which, standing alone, raise no constitutional issues that would require a three-judge court to be convened — ask "that the FCC be required to provide 'all information' of enforcement complaints by Candidate, Keith Russell Judd, or on behalf of, be disclosed pursuant to the Freedom of Information Act and Privacy Act, as the search for such records was inadequate as required by law," see Compl. at 2, and seek "actual damages" pursuant to 5 U.S.C. § 552a(g)(4) for the alleged Privacy Act violations. Id. Although plaintiff makes no additional factual allegations in support of these claims, he does attach to the complaint a decision by the FCC denying his application for review of a FOIA and Privacy Act request. See Compl., Ex. 3 at 1, 3. The FCC decision concludes by stating that plaintiff may seek judicial review of the action pursuant to 5 U.S.C. § 552(a)(4)(B). Id. at 4. Although plaintiff's allegations are minimal, based on the attached exhibit it appears that he made a FOIA and/or Privacy Act request to the FCC, and that the FCC's response to that request or requests may be ripe for judicial review. Especially in light of the "forgiving lens applicable to *pro se* pleadings," Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415, 422 (D.C. Cir. 2009), the

Court concludes that — unlike the other claims in plaintiff's complaint — plaintiff's claims under the FOIA and the Privacy Act are not frivolous and may proceed.

The Court notes, however, that no affidavit proving service as required by Rule 4(l) of the Federal Rules of Civil Procedure appears in the Court's docket for this case. In the complaint, plaintiff states under "penalty of perjury" that he "mailed" the complaint to the agency defendants and to the United States District Court in Beaumont, Texas. See Compl. at 3. It does not appear, however, that in attempting service plaintiff has fully complied with Rule 4(i) of the Federal Rules of Civil Procedure, which requires that to serve an agency of the United States, plaintiff must send a copy of the summons and of the complaint by *registered or certified* mail to the agency as well as by serving the United States in its own right. Especially in light of the fact that plaintiff's efforts presumably are hampered by his incarceration, the Court will allow plaintiff additional time to effect and prove service. He must provide an affidavit of proper service or show cause why the case should not be dismissed for failure to serve defendants by November 16, 2010.

An Order consistent with this Memorandum Opinion will be issued this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 16, 2010