UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL - 1 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

KEITH RUSSELL JUDD,

    Plaintiff,

v.

FEDERAL COMMUNICATIONS COMMISSION
and FEDERAL ELECTION COMMISSION,

    Defendants.

Civil Action No. 10-0837 (PLF)

OPINION

This matter is before the Court on (1) the motion of *pro se* plaintiff Keith Russell Judd for a default judgment; (2) the motions of the Federal Communications Commission ("FCC") and the Federal Election Commission ("FEC") to set aside the entry of default; and (3) the motion of the FCC for imposition of filing restrictions against Mr. Judd.[1] Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will deny Mr. Judd's motion for default judgment, will grant the FCC's and the FEC's motions to set aside the entry of default, will grant the FCC's motion for imposition of filing restrictions against Mr. Judd, and will dismiss Mr. Judd's complaint without prejudice for

---

[1] For convenience and for consistency with the parties' papers, the Court will refer to the FCC and the FEC together as the "defendants," even though, as discussed below, Mr. Judd's only claim against the FEC was dismissed by the Court on July 16, 2010. The FEC therefore is no longer a defendant in this case.

failure to effect proper service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. With one exception, all other pending motions will be denied as moot.[2]

## I. BACKGROUND

Plaintiff Keith Russell Judd currently is incarcerated in federal prison in Beaumont, Texas, having been "convicted by a jury of two counts of mailing a threatening communication with the intent to extort money or something of value and . . . sentenced to 210 months of imprisonment." United States v. Judd, No. 02-50750, 77 Fed. App'x 728, 2003 WL 223403061, at *1 (5th Cir. Oct. 7, 2003). Since he began serving his sentence in 1999, he has become a prolific but unsuccessful *pro se* litigant. See, e.g., Judd v. FCC, 723 F. Supp. 2d 221, 223 n.2. (D.D.C. 2010). Mr. Judd's legal complaints have been so numerous and so lacking in merit that he now is barred, except in extraordinary circumstances, from filing new

---

[2] The papers reviewed in connection with the pending motions include: Mr. Judd's emergency elections complaint for declaratory judgment, injunction and damages ("Compl.") [Dkt. No. 1]; Mr. Judd's affidavits in support of default ("Judd Affs.") [Dkt. No. 36]; the entry of default ("Entry of Default") [Dkt. No. 37]; Mr. Judd's motion for default judgment ("Judd Mot.") [Dkt. No. 38]; the FCC's motion to set aside entry of default and in opposition to the motion for default judgment and notice for demand for judgment ("FCC Mot.") [Dkt. No. 44]; the FEC's motion to set aside entry of default and brief in support thereof ("FEC Mot.") [Dkt. No. 51]; Mr. Judd's response to the FCC's and FEC's motion to set aside the entry of default and reply to the opposition to the motion for default judgment and demand for judgment ("Judd Opp. and Reply") [Dkt. No. 54]; Mr. Judd's motion to strike the government's motion to set aside the entry of default ("Judd Mot. Strike") [Dkt. No. 59]; the FCC's reply memorandum in support of its motion to set aside an entry of default ("FCC Reply") [Dkt. No. 58]; Mr. Judd's motion for the Court to allow his pleadings, motions, and papers to be served on the defendants using the Court's electronic service ("Judd Mot. Service") [Dkt. No. 60]; the FCC's motion for imposition of filing restrictions against Mr. Judd and memorandum in support thereof ("FCC Mot. for Restrictions") [Dkt. No. 78]; Mr. Judd's response and supplemental response to the FCC's motion for imposition of filing restrictions ("Judd Opp. to Mot. for Restrictions"; "Judd Supp. Opp. to Mot. for Restrictions") [Dkt. Nos. 80, 85]; and the FCC's reply in support of its motion to impose filing restrictions against Mr. Judd ("FCC Restrictions Reply") [Dkt. No. 90].

lawsuits while in prison without first paying the full amount of any filing fee. See Judd v. FEC, Civil Action No. 08-1290, 2008 WL 2901643, at *1 (D.D.C. July 28, 2010).

On April 8, 2008, Mr. Judd filed a *pro se* complaint against the FCC and the FEC in which he makes seven claims for relief and requests that the Court empanel a three-judge court. See Compl. at 1-2.[3] "Numerous of these claims are requests for the Court to declare various statutes constitutional and order that they be enforced, or to declare various statutes unconstitutional." Judd v. FCC, 723 F. Supp. 2d at 223.

On July 16, 2010, this Court issued a Memorandum Opinion and Order in which, among other things, it dismissed as frivolous five of Mr. Judd's seven claims for relief and denied Mr. Judd's request that the Court empanel a three-judge court. See Judd v. FCC, 723 F. Supp. 2d at 225.[4] That decision effectively dismissed the FEC as a defendant in this case (although the Order did not so specify), because Mr. Judd's only remaining claims — Counts 2 and 3 — were made only against the FCC. The Court did not dismiss those two claims because, "[a]lthough plaintiff's allegations are minimal, . . . it appears that he made a [Freedom of Information Act] and/or Privacy Act request to the FCC, and that the FCC's response to that request or requests may be ripe for judicial review." Id. at 224. Thus, the Court concluded that "plaintiff's claims under the FOIA and Privacy Act are not frivolous[.]" Id. at 224.

---

[3] Mr. Judd "originally filed his complaint in the United States District Court for the Eastern District of Texas. It was transferred to this Court on May 20, 2010, because venue did not lie in the district in which it was filed." Judd v. FCC, 723 F. Supp. 2d at 222 n.1.

[4] On March 21, 2011, the Court issued a Memorandum Opinion and Order denying Mr. Judd's motion for reconsideration of the Court's July 16, 2010 decision. See Memorandum Opinion and Order at 1, Mar. 21, 2011.

Before Mr. Judd could proceed on his two remaining claims, however, the Court brought to his attention a threshold issue with respect to service of process. See Judd v. FCC, 723 F. Supp. 2d at 224-25. The Court stated:

> [N]o affidavit proving service as required by Rule 4(*l*) of the Federal Rules of Civil Procedure appears in the Court's docket for this case. In the complaint, plaintiff states "under penalty of perjury" that he "mailed" the complaint to the agency defendants and to the United States District Court in Beaumont, Texas. See Compl. at 3. It does not appear, however, that in attempting service plaintiff has fully complied with Rule 4(i) of the Federal Rules of Civil Procedure, which requires that to serve an agency of the United States, plaintiff must send a copy of the summons and of the complaint by *registered or certified* mail to the agency as well as by serving the United States in its own right.

Id. at 224-25 (emphasis in original). The Court granted Mr. Judd "additional time to effect and prove service," but expressly made clear that "[h]e must provide an affidavit of proper service or show cause why the case should not be dismissed for failure to serve defendants by November 16, 2010." Id. at 225. Thus, the Court's July 16, 2010 Memorandum Opinion and Order put Mr. Judd on actual notice as to the possibility that his case may be dismissed for failure to effect and prove service. See Brown v. District of Columbia, 514 F.3d 1279, 1286 (D.C. Cir. 2008) (A suit may be dismissed for failure to effect service only if a plaintiff is first given actual or constructive notice as to the impending dismissal. "This rule is especially important to a plaintiff who is *pro se* and incarcerated[.]").

Presumably in response to the Court's July 16, 2010 Memorandum Opinion and Order, on October 15, 2010, Mr. Judd filed five affidavits in support of default. See Judd Affs. at 1-5. There, he certified "under penalty of perjury" that, on May 11, 2008, he "served via registered or certified mail" the U.S. Attorney in Beaumont, Texas; and that, on May 12, 2008,

4

he "served via registered or certified mail" the U.S. Attorney in Washington, D.C., the FCC, the FEC, and the Attorney General. See Judd Affs. at 1-5. Mr. Judd did not specify whether this purported service included the required summons and complaint, and he included no other proof of such purported service. After Mr. Judd filed his affidavits in support of default, that same day the Clerk of this Court entered a default against the FCC and the FEC. See Entry of Default at 1.

On October 25, 2010, Mr. Judd filed a motion for default judgment in which he asserted that "the [d]efendants have been served with all pleadings and motions in this action, by U.S. Mail First Class" and that he therefore is "entitled to a Default Judgment." Judd Mot. at 2. In response, the FCC and the FEC each filed a motion to vacate the entry of default. See FCC Mot. at 1-4; FEC Mot. at 1-5. Each argues that good cause exists to set aside the default because Mr. Judd in fact never effected proper service on them:

> Despite the assertion of service in Judd's Affidavit in Support of Default . . . , the docket in this matter contains no entry showing that Judd requested the clerk in the Eastern District of Texas to issue a summons or that Judd filed a valid return of service. . . . After this matter was transferred to this Court on May 20, 2010 . . . , Judd similarly did not request the issuance of a summons or file a return of service. . . . Judd has thus failed to comply with the Court's July 16, 2010 Order requiring him to "file an affidavit proving service." . . . Accordingly, the requirements of Rule 4(i)(2) and 4(*l*)(i) have not been met and Judd has failed to [properly effect service].

FEC Mot. at 2; see FCC Mot. at 2. And in further support of the FEC's position, it notes that the Court's July 16, 2010 Memorandum Opinion and Order dismissed "[t]he only count that referenced a statute within the [FEC's] jurisdiction." FEC Mot. at 2. Thus, because the Court has dismissed the only claim against the FEC, its "defenses to plaintiff's claim . . . would . . . be 'meritorious,' [and] good cause exists to set aside the default." FEC Mot. at 2.

5

Mr. Judd then filed an opposition and a motion to strike the defendants' respective motions to set aside the default. See Judd Opp. at 1; Judd Mot. to Strike at 1-2. This matter therefore is ripe for decision. But while the issue of whether to set aside the default was pending before the Court, Mr. Judd filed a total of 23 additional motions, consisting of the following:

- an emergency request for access to law books in the library and a related motion for a preliminary injunction [Dkt. Nos. 34, 63];

- two identical applications for class action certification [Dkt. Nos. 39, 70];

- three identical motions to stay proceedings pursuant to 28 U.S.C. § 1292(d)(4)(B) [Dkt. No. 56, 62, 82];

- an amended motion to transfer the claims and this action to the United States Court of Federal Claims [Dkt. No. 79];

- three identical amended notices of appeal to the United States Court of Appeals for the Federal Circuit [Dkt. Nos. 56, 62, 82];

- two identical amended requests to file a *pro se* appeal [Dkt. Nos. 68, 73];

- four identical motions for leave to file an amended complaint [Dkt. Nos. 57, 61, 74, 83];

- two identical motions for no evidence summary judgment [Dkt. Nos. 67, 71];

- a demand for summary judgment [Dkt. No. 87];

- a motion for a preliminary injunction on the 2012 Presidential Primary Election [Dkt. No. 81];

- two identical motions for relief from the Court's July 16, 2010 decision and Judge Kennedy July 28, 2008 decision in Civil Action No. 08-1290 [Dkt. Nos. 75, 76].

In response to this spate of filings, the FCC asked the Court to impose filing restrictions against Mr. Judd. See FCC Mot. for Restrictions at 1-4. Mr. Judd opposes the FCC's request, and this matter also is ripe for decision.

## II. DISCUSSION

### A. Good Cause to Set Aside the Entry of Default

The Clerk of this Court entered a default against the FCC and the FEC on October 15, 2010. See Entry of Default at 1. Mr. Judd requests that the Court now enter a default judgment, and the FCC and FEC request that the Court vacate the entry of default. Under Rule 55 of the Federal Rules of Civil Procedure, "[t]he Court may set aside the entry of default if no judgment has been entered when good cause is shown." Van De Berg v. Social Sec. Admin., 254 F.R.D. 144, 145 (D.D.C. 2008); see Bennett v. United States, 462 F. Supp. 2d 35, 37 (D.D.C. 2006). "The decision to set aside an entry of default rests in the discretion of the district court." Van De Berg v. Social Sec. Admin., 254 F.R.D. at 145.

No judgment has been entered against the FCC or the FEC, and the Court finds good cause to set aside the entry of default because, as discussed below, Mr. Judd has failed to effect proper service of process.[5] A default "cannot be entered where there was insufficient service of process. Although default may be entered upon a defendant's failure to plead or otherwise defend , . . . a defendant's obligation to respond to a complaint arises only upon service

---

[5] With respect to the FEC, good cause also exists because the Court already dismissed as frivolous the only claim against it. See Judd v. FCC, 723 F. Supp. 2d at 225; see also FEC Mot. at 1. In its prior decision, however, the Court did not specify that the FEC in fact was dismissed from this case. Accordingly, to the extent that there exists any ambiguity, the FEC is no longer a defendant in this case.

7

of the summons and complaint." Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009). Accordingly, because Mr. Judd failed to effect proper service on either the FCC or the FEC, their "obligation to plead or otherwise respond ha[s] actually not arisen." Id. The Court therefore will deny Mr. Judd's motion for default judgment and will grant the FCC's and the FEC's motions to set aside the default.[6]

*B. Insufficient Service of Process*

"Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant." Toms v. Hantman, 530 F. Supp. 2d 188, 190 (D.D.C. 2008). Proper service of process therefore "'is not some mindless technicality.'" Williams v. GEICO Corp., Civil Action No. 10-1420, 2011 WL 2443106, at *4 (D.D.C. June 20, 2011) (quoting Friedman v. In re Presser, 929 F.2d 1151, 1156 (6th Cir. 1991)). Valid service of process "is necessary to assert personal jurisdiction over a defendant" and it "also notifies the defendant that a party has commenced legal action against it." Id. Consequently, "[c]ourts routinely dismiss complaints for insufficient service of process." Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 2 (D.D.C. 2004); see also Chen v. District of Columbia, 256 F.R.D. 263, 265 (D.D.C. 2009)

A plaintiff has the burden of proving proper service. Mann v. Castiel, 729 F. Supp. 2d 191, 194 (D.D.C. 2010) (citing Fed. R. Civ. P. 4(*l*)). As Rule 4(c) of the Federal Rules of Civil Procedure provides, in order to effect proper service, a plaintiff "is responsible for having [a] summons *and* complaint served within the time allowed by Rule 4(m) . . . ." FED. R.

---

[6] The Court also will deny Mr. Judd's motion to strike the government's motion to set aside the entry of default.

CIV. P. 4(c)(1) (emphasis added). Rule 4(m) provides that a plaintiff must effect proper service of process "within 120 days of filing a complaint." Mann v. Castiel, 729 F. Supp. 2d at 194 (citing FED. R. CIV. P. 4(m)).

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

In this case, because the FCC and FEC are agencies of the United States, service must be effected under Rule 4(i), "which requires that to serve an agency of the United States, plaintiff must send a copy of the summons and of the complaint by *registered or certified* mail to the agency as well as by serving the United States in its own right." Judd v. FCC, 723 F. Supp. 2d at 225 (emphasis in original). Such service, however, cannot be effected by a party. See Olson v. FEC, 256 F.R.D. 8, 10 (D.D.C. 2009); Martens v. United States, Civil Action No. 05-1805, 2007 WL 1214576, at *1 (D.D.C. Feb. 14, 2007). Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c)(2). Thus, "Rule 4(c)(2) is violated when a plaintiff *personally* attempts to serve a defendant — including the United States — by mail." Olson v. FEC, 256 F.R.D. at 10 (emphasis added); see Martens v. United States, 2007 WL 1214576, at *1; see also Otto v. United States, Civil Action No. 05-2319, 2006 WL 2270399, at *1-2 (D.D.C. June 28, 2006).

Mr. Judd has prepaid the filing fee in this case in full. See Minute Entry, May 1, 2008. He therefore "is not proceeding *in forma pauperis* and . . . is responsible for service of

process." Bennett v. Crawford, Civil Action No. 07-1321, 2008 WL 274909, at *1 n.1 (D.D.C. Jan. 31, 2008) (emphasis in original); see Evans v. Horel, Civil Action No. 08-1900, 2009 WL 1582835, at *1 (N.D. Cal. June 4, 2009). Compare Gonzalez v. Holder, Civil Action No. 10-0346, 2011 WL 442110, at *3 (D.D.C. Feb. 8, 2011) ("[A] *pro se* party who is proceeding *in forma pauperis* may rely on the Clerk of Court and the United States Marshals Service to effect service of process on his behalf.") (citing FED. R. CIV. P. 4(c)(3)) (emphasis in original). While Mr. Judd is not proceeding *in forma pauperis*, he is, however, proceeding *pro se*, and such litigants generally "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings[.]" Lawson v. Pepco, 721 F. Supp. 2d 1, 3-4 (D.D.C. 2010) (internal quotations and citation omitted). But this consideration "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure[.]" Id. (internal quotations and citation omitted).

As discussed, on July 16, 2010, Mr. Judd was instructed to "provide an affidavit of proper service or show cause why the case should not be dismissed for failure to serve defendants by November 16, 2010." Judd v. District of Columbia, 723 F. Supp. 2d at 225. He was explicitly advised how service must be made on an agency of the United States. See id. On October 15, 2010, Mr. Judd filed five affidavits regarding his purported service on the defendants. Not only do these affidavits fail to provide proof satisfactory to the Court that proper service was made, see FED. R. CIV. P. 4(*l*); see also LOC. CIV. R. 5.3 — they also establish that Mr. Judd's attempts at service have been ineffective. With respect to the issue of proof, Mr. Judd never certifies under penalty of perjury what it was, if anything, that he purportedly served. Mr. Judd "is responsible for having [a] summons *and* complaint served" on the defendants. FED. R.

CIV. P. 4(c)(1) (emphasis added). But Mr. Judd's affidavits make no mention of a summons or a complaint. And the Court, upon its own review of the record, sees no evidence of a summons ever having been issued in this case. See also FCC Mot. at 2 ("[T]he Court's docket shows that Plaintiff never issued a summons to the U.S. Attorney's Office."); FEC Mot. at 2 ("[T]he docket in this matter contains no entry showing that Judd requested the clerk . . . to issue a summons . . . .").[7] Without such a summons, Mr. Judd's attempts at service would be ineffective under Rule 4(c)(1). See FED. R. CIV. P. 4(c)(1); see also Rangel v. United States, Civil Action No. 09-3061, 2010 WL 3715489, at *2 (E.D. Wa. Sept. 13, 2010). Moreover, although Mr. Judd avers in his affidavits that he served the defendants "via registered or certified mail," see Judd Affs. at 1-5, Mr. Judd later contradicts his affidavits in his papers, stating that "[t]he [d]efendants have been served with all pleadings and motions in this action, *by U.S. Mail First Class* . . . ." Judd Opp. at 3 (emphasis added). The Court therefore finds that Mr. Judd has failed to "provide an affidavit of proper service," as was required, by November 16, 2010. Judd v. District of Columbia, 723 F. Supp. 2d at 225.

Going further, however, Mr. Judd avers that *he himself* served the defendants via registered or certified mail. See Judd Affs. at 1-5. This attempt at service violates Rule 4(c)(2): Mr. Judd cannot "*personally* attempt[] to serve a defendant — including the United States — by mail." Olson v. FEC, 256 F.R.D. at 10 (emphasis added); Martens v. United States, 2007 WL 1214576, at *1; see also Otto v. United States, Civil Action No. 05-2319, 2006 WL 2270399,

---

[7] In his papers, Mr. Judd's unsworn statements with respect to whether he sent a summons to the defendants are entirely inconsistent. Compare Judd Mot. at 1 ("The district court never issued Summons or provided Pro Se Plaintiff with any Summons to Serve on defendants."), with Judd Opp. at 1 ("The Defendants were properly and legally served with Summons and Complaint, and have failed to file and serve an Answer.").

at *1-2 (D.D.C. June 28, 2006). Thus, even if Mr. Judd had provided proof of having served both a summons *and* a complaint on the defendants, which he has not, his affidavits make clear that his only attempts at service in this case have been ineffective.[8]

The Court concludes that Mr. Judd has failed entirely to "provide an affidavit of proper service or show cause why the case should not be dismissed for failure to serve defendants by November 16, 2010." Judd v. FCC, 723 F. Supp. 2d at 225. Because this case has been pending for over three years, because Mr. Judd is a veteran *pro se* litigant, and because Mr. Judd was given ample notice by this Court's prior Memorandum Opinion and Order, the Court will not exercise its discretion to afford him yet more time to effect service.[9] Mr. Judd's complaint will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## C. Filing Restrictions

Instead of complying with the Court's July 16, 2010 Memorandum Opinion and Order, Mr. Judd filed over 20 additional motions and other papers in the span of two months. Because the Court will dismiss Mr. Judd's complaint without prejudice for failure to effect

---

[8] Mr. Judd argues that the FCC and the FEC waived service of process. See Judd Opp. to Mot. for Restrictions at 1. This argument is frivolous. See FCC Restrictions Reply at 3-5.

[9] While asserting that service was proper in this case, see Judd Opp. at 1, Mr. Judd nevertheless now requests that the Court allow him to serve the defendants under Rule 5(b)(3) of the Federal Rules of Civil Procedure using the Court's "electronic service" which "would be equivalent to Certified or Registered mail . . . ." Judd Mot. Service at 1. This request, filed on April 7, 2011, will be denied. Mr. Judd has had ample time to effect proper service on the defendants in this case and has failed to do so. Furthermore, Rule 5(b)(3) requires that a defendant give his or her written consent to such electronic service. See FED. R. CIV. P. 5(b)(3) & (b)(2)(E). The defendants have given no such consent.

proper service of process, all of these pending motions will be denied as moot.[10] Upon the FCC's request, however, the Court will impose filing restrictions on Mr. Judd: the Clerk of the Court shall no longer accept for filing anything submitted by Mr. Judd in this case without first obtaining leave of this Court.

The Court may impose filing restrictions based on its "inherent power to regulate [its] docket, promote judicial efficiency, and deter frivolous filings." United States v. Samuels, No. 10-5108, 2011 WL 1127457, at *3 n.1 (10th Cir. Mar. 29, 2011) (citing Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986)); see also Sieverding v. U.S. Dep't of Justice, 693 F. Supp. 2d 93, 111 n.17 (D.D.C. 2010). The Court "has previously authorized sanctions against litigants who confuse quantity with quality and barrage the Court with filings[.]" McCreary v. Heath, Civil Action No. 04-0623, 2005 WL 975736, at *1 (D.D.C. Apr. 22, 2005).

Mr. Judd is no stranger to such restrictions. See Judd v. FEC, 2008 WL 2901643, at *1 n.1 (noting that the United States Courts of Appeals for the D.C. Circuit, the Fifth Circuit, the Tenth Circuit, and the Federal Circuit, as well as the United States Supreme Court, "have all imposed filing restrictions on [Mr. Judd] for his abusive filing history"). Indeed, in 2006, our court of appeals, on its own motion, enjoined Mr. Judd from filing any new cases before it without first obtaining leave of the court in light of his "history of filing successive, substantially the same, and uniformly frivolous pleadings [that] constitute an abuse of the judicial process."

---

[10] With one exception: the Court will deny on the merits Mr. Judge's two identical motions for relief from the Court's July 16, 2010 decision and Judge Kennedy's July 28, 2008 decision in Civil Action No. 08-1290. The Court already denied Mr. Judd's request that the Court reconsider its July 16, 2010 decision, see Memorandum Opinion and Order at 1-2, Mar. 21, 2011, and Mr. Judd, in his new motions, again "fail[s] to meet his burden of demonstrating that reconsideration is warranted[.]" Id. at 1. Mr. Judd's request for relief from Judge Kennedy's July 28, 2008 decision is a matter not properly before this Court.

Judd v. United States, Nos. 05-5289, 05-5290, 2006 WL 1565084, at *1 (D.C. Cir. Feb. 14, 2006).

    Mr. Judd has again flooded the Court with motions and other papers, all of which were filed while his motion for default judgment and the defendants' motions to vacate default were pending. Many of the pending motions are duplicative, if not identical: for example, among others, Mr. Judd has filed two identical applications for class action certification; three identical motions to stay proceedings in this case; and four identical motions for leave to file an amended complaint. Furthermore, Mr. Judd's motions "ha[ve] escalated in their allegations and rhetoric." McCreary v. Heath, 2005 WL 975736, at *2. As the FCC describes it:

> The motions range from requesting an injunction or writ of mandamus against (non-party) Bureau of Prisons . . . (Dkt. No. 63) for allegedly removing law books and providing access to legal information through a database[,] to requesting an appeal to the United States Supreme Court (Dkt. Nos. 76 & 71)[,] to moving for class action certification (Dkt. No. 70), to demanding relief under the Tucker Act in the United States Court of Federal Claims for monetary damages allegedly owed by the government for matching funds as a result of [Mr. Judd's] bid for the Presidential Nomination in the previous election (Dkt. Nos. 68, 69, and 73).

FCC Mot. for Restrictions at 1.

    The Court therefore will grant the FCC's motion and will impose filing restrictions on Mr. Judd, who clearly has confused "quantity with quality and [has] barrage[d] the Court with filings" in this case. McCreary v. Heath, 2005 WL 975736, at *1. The Court finds that "no adverse decision would deter [Mr. Judd] from continuing to file" and "will tolerate [Mr. Judd's] abuses of the judicial system no longer . . . ." Id. at *2 (internal quotations and citation omitted).

## III. CONCLUSION

For the foregoing reasons, the Court will deny Mr. Judd's motion for default judgment [Dkt. No. 38], will grant the FCC's and the FEC's motions to set aside the entry of default [Dkt. Nos. 44, 51], will grant the FCC's motion for imposition of filing restrictions against Mr. Judd [Dkt. No. 78], and will dismiss Mr. Judd's complaint without prejudice for failure to effect proper service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

DATE: 7/1/11

PAUL L. FRIEDMAN
United States District Judge